# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0740 | **DATE** | March 29, 2011 |
| **CASE TITLE** | George Watson-El (#21461-424) vs. United States of America, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#8] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $19.13 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to: (1) file the amended complaint; (2) send a copy of this order to the trust fund officer at the U.S. Penitentiary in Oxford, Wisconsin; (3) issue summonses for service of the amended complaint on the defendants by the U.S. Marshal; and (4) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. In addition to serving the named defendants, the Marshal is directed to send copies of the amended complaint, by certified or registered mail, to the Attorney General of the United States, the U.S. Attorney for the Northern District of Illinois, and the U.S. Bureau of Prisons. *See* Fed. R. Civ. P. 4(i).

■ **[For further details see text below.]**                                                                                     **Docketing to mail notices.**

## STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action against federal prison officials and health care providers pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). The plaintiff additionally purports a cause of action against the United States under the Federal Tort Claims Act (hereinafter, "the FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The plaintiff alleges that correctional officials and health care providers at the Metropolitan Correctional Center violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs, and by retaliating against him. More specifically, the plaintiff alleges that the defendants wrongfully froze the funds in his prison trust account to pressure him into becoming an informant; he further contends that as a result, he was denied prescribed medications because he was unable to pay for them. [The court previously rejected a due process claim based on these events, *see Watson-El v. United States of America, et al.*, Case No. 08 C 7036 (N.D. Ill.), Memorandum Opinion and Order of September 15, 2010 (Holderman, J.); the plaintiff's medical and retaliation claims were dismissed for failure to exhaust administrative remedies prior to filing suit.]

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

      The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $19.13. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% f the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

      Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action against the defendants. While a more fully developed record may belie the plaintiff's allegations, the defendants must respond to the amended complaint.

      The clerk shall issue summonses forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

      The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Metropolitan Correctional Center shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. The Marshal must also send copies of the amended complaint, by certified or registered mail, to the Attorney General of the United States, the U.S. Attorney for the Northern District of Illinois, and the U.S. Bureau of Prisons. *See* Fed. R. Civ. P. 4(i).

      The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

*James F. Holderman*