# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0740 | **DATE** | September 2, 2011 |
| **CASE TITLE** | George Watson-El (#21461-424) vs. United States of America, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to reconsider [#23] is denied. The case remains closed.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action against correctional officials pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). The plaintiff additionally purports causes of action against the United States and prison physicians under the Federal Tort Claims Act (hereinafter, "the FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The plaintiff alleges that correctional officials at the Metropolitan Correctional Center wrongfully froze a deposit in his prison trust account; that as a result, he was denied needed medications because he was unable to pay for them; and that an investigator tried to leverage the plaintiff's plight by forcing him to become an informant.

By Memorandum Opinion and Order of July 21, 2011, the court granted the defendants' motion to dismiss the complaint for failure to state an actionable claim. This matter is again before the court for ruling on the plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). For the reasons stated in this order, the motion is denied.

The plaintiff contends that the court failed to consider his claim that the defendants acted with deliberate indifference to his medical needs under both the FTCA and *Bivens*. However, as discussed more fully in the court's Memorandum Opinion and Order, relitigation of that claim is barred by the doctrine of *res judicata*.

Under principles of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Group*
**(CONTINUED)**

mjm

*v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[T]wo claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Tartt v. Northwest Community Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (citations omitted). In other words, "a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999).

This is the plaintiff's second suit relating to the encumbrance on his account and the ramifications of that encumbrance with respect to his medical needs being met. In *Watson-El v. Wilson, et al.*, No. 08 C 7036, the court already ruled that the plaintiff had no viable medical claim. *See* Memorandum Opinion and Order of September 15, 2010, at pp. 20-25 (Holderman, J.). The court specifically stated that "there [was] insufficient evidence of deliberate indifference to a serious medical need for the matter to go to a jury," *id.* at p. 20, that the plaintiff's acid reflux was "not a matter of the gravity contemplated by *Estelle* and its progeny," *id.* at p. 23, and that the plaintiff's difference of opinion with treating physicians over the treatment for what they considered a "relatively minor, symptomatic ailment" was not "enough to prove deliberate indifference." *Id.*, p. 23.

Simply recasting his medical claims under the Federal Tort Claims Act instead of *Bivens* does not help the plaintiff. Where, as here, the central factual issues are identical, claim preclusion takes effect even if the plaintiff sues under a different legal theory. *Highway J*, 456 F.3d at 743-44; *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995). The court cannot entertain the plaintiff's duplicative medical claim.

In sum, the plaintiff has failed to demonstrate that the court committed a manifest error of law or fact in its dismissal order, and does not introduce newly discovered evidence that was previously unavailable. *See Abcarian v. McDonald,* 617 F.3d 931, 943 (7th Cir. 2010). Accordingly, his motion to reconsider is denied. The case remains closed.

*James F. Holderman*